## GROSTEIT v. MILLER.

No. 2907.    Decided October 16, 1916.    (160 Pac. 769.)

1. APPEAL AND ERROR—DISMISSAL—NONCOMPLIANCE WITH RULES.
   Though Supreme Court rules 6, 10 (33 Utah vii, viii, 97 Pac.
   viii), as to contents of abstract and time. of filing it and serving
   brief, be not complied with, yet no prejudice resulting, and
   there be no delay in the hearing, appeal will not be dismissed.
   (Page 511.)

2. APPEAL AND ERROR—REVIEW OF FINDINGS   The jury's findings
   will not be disturbed so long as there is some substantial evi-
   dence in support thereof.   (Page 513.)

3. APPEAL AND ERROR—RECORD.   The court may refuse to search
   for questions, answers, and rulings, they not being in the ab-
   stract, and neither it nor the brief stating where they can be
   found.   (Page 514.)

Appeal from District Court, First District; Hon. *A. B. Morgan,* Judge.

Action by Frank Grosteit against Peter Miller.

Judgment for plaintiff.   Defendant appeals.

AFFIRMED.

*Gustin, Gillette & Brayton* for appellant.

*George M. Sullivan* for respondent.

FRICK, J.

The plaintiff brought this action to recover damages for personal injuries which he alleged he suffered through the negligence of the defendant.   The plaintiff recovered judg-ment in the district court of Utah County, and the defendant appeals.

Plaintiff's counsel has interposed a motion to dismiss the appeal upon the grounds: (1) That the defendant "failed to file his abstract within the fifteen days after the filing of the transcript, as required by rule No. 6 of this court (33 Utah vii, 97 Pac. viii);" (2) that the abstract

filed does not comply with said rule 6; and (3) that the defendant failed to serve his printed brief within the time required by rule 10 of this court (33 Utah viii, 97 Pac. viii). Counsel for plaintiff in his brief insists, and in his oral argument also vigorously contended, that we should enforce the foregoing rules and dismiss this appeal. Unless we do so, he contends, the rules of this court will be practically nullified and set aside without any reason therefor. Counsel, in our judgment, fails to grasp the real purpose and effect of the rules. Those rules are merely directory and have been adopted for the convenience of the court and counsel, to prevent unnecessary delays, and to promote the administration of justice in this court. The rules, therefore, are intended merely as a means to an end, and, as such, are the servants and not the masters of this court. While it is true that defendant's counsel have failed to file their printed abstract, and have also failed to serve their brief within the time required by the rules referred to by counsel, and without obtaining an extension of time for doing so, yet the case was heard on the precise day on which it would have been heard if the rules had been strictly followed in every particular. It is also true that the abstract in some material parts does not comply with rule 10 of this court. When plaintiff's counsel was asked at the hearing, however, whether either he or his client had been or was prejudiced by reason of counsel's failure to observe the rules in the particulars stated in the motion to dismiss the appeal, he frankly conceded that no prejudice or injustice whatever had resulted, and that he insisted upon his motion upon the sole ground that the rules of this court had in fact not been complied with. To grant a motion upon those grounds might, and in many cases of necessity would, result in a denial of the right of review in this court. Injustice might, therefore, result from the strict and literal enforcement of the rules when no one would or could be injured or prejudicially affected by disregarding the objections that the rules have not been strictly complied with. Whenever unnecessary delay results from a failure to comply with any one or more of the rules of this court, or if the respondent in an action is in any way injured or prejudiced

by their nonobservance, we shall not hesitate to enforce obedience to our rules if in doing so prejudice or injustice may be prevented. Where, however, a non-compliance with the rules does not and cannot harm any one in his legal rights, we, in all cases, reserve the right to exercise our judgment and discretion in the matter, and shall either enforce or refuse to enforce the rules as justice and right may require. For the reasons stated, the motion to dismiss the appeal should be, and it accordingly is, denied.

We now proceed to a consideration of the merits of defendant's appeal. His counsel contend that the evidence is insufficient to sustain the verdict of the jury, and that        2
for that reason the judgment should be reversed. The plaintiff was engaged as a mucker in defendant's metal mine. The plaintiff had had no experience as a metal miner, and so informed the defendant at the time he was employed, and the defendant employed him as a mucker merely. On the day of the accident the plaintiff assisted one Thornton, who was an experienced miner, and also employed by the defendant, to put in timbers or stulls at or near the face of the tunnel which was being driven into the mountain to hold up or support the roof of said tunnel. When Thornton and the plaintiff had put some of the timbers or stulls in place the defendant arrived and informed them that one of the stulls was too high and ordered that it be lowered. The defendant accordingly instructed Thornton to remove the stull, and directed the plaintiff to take out some earth in the bottom of the tunnel so as to lower the stull in question. While plaintiff was in the act of taking out the earth for the purpose aforesaid, and while he was down upon his knees, some rocks and earth fell upon him from the roof of the tunnel, and he sustained the injuries complained of. It is now urged by defendant's counsel that the evidence is insufficient to justify the finding of negligence on the part of the defendant, and that the plaintiff as matter of law assumed the risk. Without pausing here to state the evidence in detail or to enlarge upon the reasons which impel the conclusion reached, it must suffice to say that counsel's contentions should not prevail. The law, with respect to the questions before stated, was properly stated in

the court's instructions to the jury, and, in view of the circumstances under which plaintiff received the injuries complained of, there is at least some substantial evidence in support of the finding of the jury on both questions. The mere fact that the evidence may not be strong, or may, in our judgment, be doubtful, is not sufficient to authorize us to interfere with the jury's findings so long as there is some substantial evidence in support of the verdict. This assignment must therefore fail.

Three other assignments relating to the rulings of the court in admitting and excluding answers to certain questions propounded to the witness Thornton are also urged. The questions are not even printed in defendant's abstract, nor is any statement contained, either in counsel's brief or in the abstract, with respect to where the questions and rulings are contained in the bill of exceptions, if in fact they are contained therein. Under such circumstances counsel cannot complain if we refuse to institute a search for the alleged questions and answers and rulings of the court. The questions complained of are, however, set forth in the assignments of error, which are printed in the abstract, and from the face thereof the defendant could not have been prejudiced by, and the plaintiff could not have gained any advantage from, the court's rulings.

For the reasons stated, the judgment is affirmed, with costs to the plaintiff.

STRAUP, C. J., and McCARTY, J., concur.